**THE LAW OFFICE OF KEITH ALTMAN**
Keith L. Altman (SBN 257309)
32250 Calle Avella
Temecula, CA 92592
 (516) 456-5885
kaltman@lawampmmt.com

Attorney for Plaintiff Sidney Greenbaum
and the Class

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDNEY GREENBAUM, INDIVIDUALLY AND OTHERS SIMILARLY SITUATED<br><br>PLAINTIFFS,<br><br>V.<br><br>KC JEWELRY, INC., ROUBEN YOUSSIAN, RAMIN YOSIAN, MODERN JEWELRY, INC., DOES 1-50, AND ROES 1-500 | **VERIFIED CLASS ACTION COMPLAINT**<br><br>1. Violation of California Unfair Competition Laws (Cal. Bus. & Prof. Code § 17200) – Unfair Prong<br>2. Violation of California Unfair Competition Laws (Cal. Bus. & Prof. Code § 17200) – Fraudulent Prong<br>3. Violation of California Unfair Competition Laws (Cal. Bus. & Prof. Code § 17200) – Unlawful Prong<br>4. Violation of California False Advertising Law (Cal. Bus. & Prof. Code § 17500)<br>5. Violation of the California Consumer Legal Remedies Act (Cal. Civ. Code § 1750)<br>6. Common Law Fraud<br>7. Negligent Misrepresentation<br>8. Unjust Enrichment<br>9. Breach of Express Warranty<br><br>**<u>JURY TRIAL DEMANDED</u>** |

**PLAINTIFF AND MEMBERS OF THE CLASS, BY WAY OF THIS COMPLAINT, STATES AS FOLLOWS:**

1. This is a class action against KC Jewelry ("KC") and others for overstating diamond weights on jewelry manufactured by KC and sold stores such as Defendant Modern Jewelry. During the class period, KC systematically inflated the total weights of small uncertificated diamonds knowing that the average consumer would have no way to know that the weights were inflated.

2. KC's products are sold in many stores, including Defendants Modern Jewelry, Inc. and Roes 1-500.

3. According to the Federal Trade Commission, diamond weights are to be accurate to the last decimal place:

> **16 C.F.R. §23.17   Misrepresentation of weight and "total weight."**
>
> a. It is unfair or deceptive to misrepresent the weight of a diamond.
> b. It is unfair or deceptive to use the word "point" or any abbreviation in any representation, advertising, marking, or labeling to describe the weight of a diamond, unless the weight is also stated as decimal parts of a carat (e.g., 25 points or .25 carat).
>
> NOTE 1 TO PARAGRAPH (b): A carat is a standard unit of weight for a diamond and is equivalent to 200 milligrams ($\frac{1}{5}$ gram). A point is one one-hundredth ($\frac{1}{100}$) of a carat.
>
> c. If diamond weight is stated as decimal parts of a carat (e.g., .47 carat), the stated figure should be accurate to the last decimal place. If diamond weight is stated to only one decimal place (e.g., .5 carat), the stated figure should be accurate to the second decimal place (e.g., ".5 carat" could represent a diamond weight between .495-.504).
> d. If diamond weight is stated as fractional parts of a carat, a conspicuous disclosure of the fact that the diamond weight is not exact should be made in close proximity to the fractional representation and a disclosure of a reasonable range of weight for each fraction (or the weight tolerance being used) should also be made.
>
> NOTE TO PARAGRAPH (d): When fractional representations of diamond weight are made, as described in paragraph d of this section, in catalogs or other printed materials, the disclosure of the fact that the actual diamond weight is within a specified range should be made conspicuously on every page where a fractional representation is made. Such disclosure may refer to a chart or other detailed explanation of the actual ranges used. For example, "Diamond weights are not exact; see chart on p.X for ranges."

4. KC's products vary by far more than that allowed under 16 C.F.R. §23.17.

5. KC's products are sold throughout the United States both inside California and outside California.

**PARTIES**

6. Plaintiff Sidney Greenbaum is an adult who is a citizen and resident of San Diego County, California, who in reliance on Defendants' false and deceptive labeling purchased a KC ring from Defendant Modern Jewelry for $4,410. based in part on the representation that the ring contained 4.25 carats of diamonds, on February 29, 2016.

7. Defendant KC Jewelry, Inc. ("KC") is a domestic California corporation with principal place of business located at 550 S. Hill St., Los Angeles, California 90013.  KC may be served through its agents Rouben Youssian at 502 N. Maple Drive, Beverly Hills, CA 90210 and Ramin Yosian at 600 N Linden Dr., Beverly Hills, CA 90210.

8. Defendant Rouben Youssian ("Youssian") is a citizen and resident of Los Angeles County, California.  Youssian is the owner and/or principle of KC and directs the operation.  Youssian can be served at 502 N. Maple Drive, Beverly Hills, CA 90210.

9. Defendant Ramin Yosian ("Yosian") is a citizen and resident of Los Angeles County, California. Youssian is the owner and/or principle of KC and directs the operation.  Youssian can be served at 600 N Linden Dr., Beverly Hills, CA 90210.

10. Defendant Modern Jewelry and Watches Inc. ("Modern Jewelry") is a domestic California corporation with principal place of business located at 640 S. Hill St., Suite A25, Los Angeles, California 90014.  Modern Jewelry does business as Modern Jewelry and may be served through its agent Iman Saghezi at 4872 Lindley Ave., Encino, CA 91316.

11. The true names and capacities of Defendants DOES 1 through 50, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiffs, who therefore sues said Defendants by such fictitious names. Plaintiffs will amend their Complaint to allege said Doe Defendants' true names and capacities when the same have been ascertained. Plaintiffs are informed and believe, and based upon such information and belief alleges that each defendant designated herein is responsible

1   in some actionable manner for the occurrences and injuries alleged herein.

2   12. The true names and capacities of Defendants ROES 1 through 500, inclusive, whether individual,

3   corporate, associate or otherwise, are unknown to Plaintiffs, who therefore sues said Defendants by

4   such fictitious names. The ROE defendants are various stores selling KC Jewelry. Plaintiffs will

5   amend their Complaint to allege said Doe Defendants' true names and capacities when the same have

6   been ascertained. Plaintiffs are informed and believe, and based upon such information and belief

7   alleges that each defendant designated herein is responsible in some actionable manner for the

8   occurrences and injuries alleged herein. Modern Jewelry together with the ROE Defendants will be

9   identified through this complaint as the "Store Defendants".

13. At all times herein mentioned, KC, Youssian, and Yosian, and each of them, were an owner, a co-owner, an agent, representative, partner, and/or alter ego of each other, or otherwise acting on behalf of each and every remaining defendant, and in doing the things hereinafter alleged, were acting within the course and scope of their authorities as an owner, a co-owner, an agent, representative , partner, and or alter ego of its co-Defendants, with the full knowledge, permission and consent of each and every remaining co-Defendant, each co- defendant having ratified the acts of the other co-Defendants.

14. Plaintiffs allege that there exists, and at all times herein mentioned existed, a unity of interest between KC, Youssian, and Yosian exists such that any individuality and separateness between the KC, Youssian, and Yosian has ceased and that KC, Youssian, and Yosian is an alter ego of the others as follows:

    a. At all times herein mentioned, Youssian and Yosian was and is in active and direct participation in KC as an officer and director and in doing the things hereinafter alleged, was acting within the course and scope of their authorities as an agent, representative, partner, and or alter ego of its KC, with the full knowledge, permission and consent of

each and every remaining co-Defendant, each co-defendant having ratified the acts of the other co-Defendants.

b.  Plaintiffs allege that Youssian and Yosian were at all times herein mentioned, controlled and governed KC.

c.  Plaintiffs alleges that KC is, and at all times herein mentioned was, a mere shell and sham. Said Corporate Defendant KC. was conceived, intended, and used by Youssian and Yosian as a device to avoid individual liability.

d.  Plaintiffs allege that Corporate Defendant KC is, and at all times herein mentioned was, so inadequately capitalized that, compared with the business to be done by Corporation Defendant KC and the risks of loss attendant thereto, its capitalization was illusory or trifling.

e.  Plaintiffs allege that Corporate Defendant KC is, and at all times mentioned herein was, a mere shell, instrumentality and conduit through which Youssian and Yosian carried its business in the name of KC exactly as they conducted it previous to incorporation exercising complete control and dominance of such business to such an extent that any individuality or separateness of KC, Youssian, and Yosian does not now, and at any time herein mentioned did not, exist.

f.  Plaintiffs allege that KC is, and at all times herein mentioned was, controlled, dominated, and operated by Youssian and Yosian as their individual business and alter ego.

g.  Plaintiffs allege that adherence to the fiction of separate existence of KC as an entity distinct from Youssian and Yosian would permit abuse of the corporate privilege and produce an inequitable result, thereby unfairly and deceptively conducting business.

15. Because of the acts, and omissions complained of hereinabove, KC and Youssian are jointly and severally liable, for all relief sought herein by Plaintiff.

16. KC, Youssian, Yosian, and the Store Defendants conspired together to engage in the conduct complained of.  Each Defendant knew of the tortious conduct and ratified the conduct through their individual actions.

17. The exact role of each Defendant as pertains to the instant case is known only to the Defendants.

18. When in this Complaint reference is made to any act of Defendants, such shall be deemed to mean that officers, directors, agents, employees, or representatives of the Defendant named in this lawsuit committed or authorized such acts, or failed and omitted to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation or control of the affairs of the Defendant and did so while acting within the scope of their employment.

19. Because each Store Defendant conspired with KC, Youssian, and Yosian, each located in California, to engage in the conduct herein complained of, each Store Defendant is subject to the jurisdiction of California Courts.  Furthermore, because each Store Defendant conspired with KC, Youssian, and Yosian to engage in the herein complained of conduct, each Store Defendant is subject to liability under California statutes including, but not limited to CA Business & Professions Code §17200 and §17500 and CA Civil Code §1770.

**VENUE AND JURISDICTION**

20. Venue is proper because Defendants KC, Youssian, Yosian, and Modern Jewelry are residents of Los Angeles County and the subject jewelry was purchased in Los Angeles County.  Los Angeles County is in the geographic purview of the United States District Court for the Central District of California.

21. The U,.S. District Court has original jurisdiction of this matter under 28 U.S.C. §1332(d)(2) because (a) the amount in controversy exceeds $5,000,000 and (b) the proposed class members, as defined

1    below, are citizens of all states, including states other than California.  As such, at least one member

2    of the class is a citizen of a state different than the identified Defendants.

3                    **FACTUAL ALLEGATIONS RELATED TO ALL COUNTS**

4    22. On February 29, 2016, Plaintiff purchase a ring manufactured by Defendant KC Jewelry from

5    Modern Jewelry.  Below is a picture of the ring along with the applicable tags.



 

16   23. The ring was represented to contain 4.25 carats of diamonds.

17   24. Plaintiff had the ring disassembled to measure the total weight of the diamonds.  Once the ring was

18   disassembled in this way, the only value for the resultant is as scrap.

19   25. Upon testing, Plainitff found that the weight of the diamonds was 3.87 carats.  This is a discrepancy

20   of 0.38 carats.  According to the 16 C.F.R. §23.17, the allowable range of weights based upon the

     label was 4.245 to 4.255 carats.  The actual difference was far greater.

21

26. There is no indication on the label that the carat weight was approximated.

27. Defendants intentionally overstated the weight of the diamonds.

28. All defendants including KC, Youssian, Yosian, and Modern Jewelry, and the other Store Defendants acted together and with full knowledge in representing that the diamond weights were overstated.

29. All defendants knew that Plaintiff and other members of the class would rely upon the weights indicated on the product label.

30. All defendants knew that Plaintiff and other members of the class would have no reasonable way to detect that the diamond weights were overstated.  Doing so, as here, required disassembly of the item rendering the item no longer jewelry.

31. All defendants knew that Plaintiffs would be relying upon the product label and intended that Plaintiffs would rely upon the product label.

## CLASS ALLEGATIONS

32.  Plaintiffs bring this action on their own behalf and on behalf of  a proposed Class of all other persons similarly situated. The Class Plaintiffs seek  to represent is defined  as:

    a.   All persons who, in the United States after September 1 2012 (the "Class Period"), purchased from Defendants: (1) one or more pieces of jewelry where the weight of diamonds indicated on the product label exceeded the actual weight of the diamonds in the jewelry by more than 1/100 of a carat (1 point, 2mg).

33. Excluded  from  the  Class  are  Defendants, as  well  as  its   officers, employees, agents, board members and legal counsel, and any judge  who presides over this action (or spouse or family member of presiding judge),  as well as all past and present employees, officers and directors of Defendants.

34. Plaintiffs reserve the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with Plaintiffs' motion for class certification, or at any other time, based upon, *inter alia,* changing circumstances and/or new facts obtained during discovery.

35. *Numerosity:* The Class is composed of thousands of individuals, whose joinder in this action would be impracticable. The disposition of their claims through this class action will benefit all Class Members, the parties, and the courts.

36. *Existence and Predominance of Common Questions of Fact and Law:* There is a well-defined community of interest in questions of law and fact affecting the Class. These questions of law and fact predominate over individual questions affecting individual Class Members, including, but not limited to, the following:

    a. Whether, during the Class Period, Defendants overstated the weight of diamonds in jewelry sold and/or manufactured by Defendants by more than 1/100 of a carat (1 point, 2mg);

    b. Whether Defendants use of false and deceptive product labeling constituted false advertising under California law;

    c. Whether Defendants engaged in unfair, unlawful and/or fraudulent business practices under California law;

    d. Whether Defendants misrepresented and/or failed to disclose material facts about its product pricing and discounts;

    e. Whether Defendants has made false and misleading statements of fact concerning the quality and nature of the jewelry manufactured and/or sold by Defendants;

    f. Whether Defendants' conduct, as alleged herein was intentional and knowing;

g.  Whether Class Members have been harmed by Defendants' conduct alleged herein;

h.  Whether Class Members are entitled to damages and/or restitution; and, if so, what is the amount of revenues and/or profits Defendants received and/or was lost by Class Members as a result of the conduct alleged herein;

i.  Whether Defendants were unjustly enriched by their deceptive practices;

j.  Whether Defendants expressly warranted the weight of diamonds in the product labels;

k.  Whether Defendants is likely to continue to use false, misleading or illegal product labeling such that an injunction is necessary; and

l.  Whether Plaintiffs and Class Members are entitled to an award of reasonable attorney's fees, pre-judgment interest and costs of suit.

37. *Typicality:* Plaintiff's claims are typical of, and are not antagonistic to, the claims of all Class Members. Plaintiff and the Class Plaintiffs have all been deceived (or were likely to be deceived) by Defendants overstating of the diamond weight in the jewelry manufactured and/or sold by Defendants.

38. *Adequacy:* Plaintiff is an adequate representative of the Class because Plaintiff is a member of the Class and Plaintiff's interests do not conflict with the interests of the Class Members Plaintiff seeks to represent. Plaintiff will fairly and adequately represent and protect the interests of the Class because Plaintiff is not antagonistic to the Class. Plaintiff has retained counsel who is competent and experienced in the prosecution of consumer fraud and class action litigation.

39. *Superiority:* A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's and Class Members' claims. Because of the relatively modest size of individual Class Members' claims, few, if any, Class Members could afford to seek legal redress

of the wrongs complained of herein on an individual basis. Absent class action, Class Members and the general public would not likely recover, or would not likely have the chance to recover, damages or restitution, and Defendants will be permitted to retain the proceeds of its misdeeds.

40. All Class Members, including Plaintiff, were exposed to one or more of Defendants' misrepresentations or omissions of material fact including Defendants' claims that the weight of diamonds indicated on the jewelry product label was higher than the actual weight. Due to the scope and extent of Defendants' consistent false advertising scheme, disseminated in a massive, years-long campaign to consumers via the Internet, radio, TV and print media, it can reasonably be inferred that such misrepresentations or omissions of material fact were uniformly made to all Class Members. In addition, it can be reasonably presumed that all Class Members, including Plaintiff, affirmatively acted in response to the representations contained in Defendants' product labeling when purchasing jewelry from Defendants.

41. Plaintiff is informed and believes that Defendants keep extensive computerized records of its customers through, *inter alia*, customer loyalty programs, co-branded credit cards and general marketing programs. Defendants have one or more databases through which a significant majority of Class Members may be identified and ascertained, and it maintains contact information, including email and home mailing addresses, through which notice of this action could be disseminated in accordance with due process requirements.

### **FIRST CAUSE OF ACTION**
**(Violation of the "Unfair" Prong of the UCL, California Business & Professions Code §17200, *et seq.*)**

42. Plaintiff re-alleges by reference as if fully set forth herein, all of the above paragraphs.

43. The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. & Prof. Code

§ 17200. A business act or practice is "unfair" under the UCL if the reasons, justifications, and motives of the alleged wrongdoer are outweighed by the gravity of the harm to the alleged victims.

44. Defendants have violated the "unfair" prong of the UCL by overstating the carat weight of the diamonds in jewelry manufactured and sold by Defendants.

45. These acts and practices were unfair because they caused Plaintiff, other members of the Class, and were likely to cause consumers, to falsely believe that the weight of the diamonds in jewelry manufactured and sold by Defendants was greater than actual.  As a result, purchasers, including Plaintiff and other members of the Class, reasonably perceived that they were buying products which contained more diamond weight than actual.  Thus, Plaintiff and other members of the Class paid more for Defendants jewelry than they would have otherwise had the true weight been identified. Furthermore, Plaintiff and other members of the Class were more likely to purchase a KC product from a Store Defendant perceiving that such purchases were bargains as compared to other jewelry stores.  This perception has induced reasonable purchasers, including Plaintiff and other members of the Class, to buy such products, which they otherwise would not have purchased.

46. The gravity of the harm to members of the Class resulting from these unfair acts and practices outweighed any conceivable reasons, justifications, and/or motives of Defendants for engaging in such deceptive acts and practices. By committing the acts and practices alleged above, Defendants engaged in unfair business practices within the meaning of California Business & Professions Code §§ 17200, *et seq.*

47. Through its unfair acts and practices, Defendants have improperly obtained money from Plaintiff and members of the Class. As such, Plaintiff requests that this Court cause Defendants to restore this money to Plaintiff and all Class Members, and to enjoin Defendants from continuing to violate the UCL as discussed herein and/or from violating the UCL in the future. Otherwise, Plaintiffs, the

Class, and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

## SECOND CAUSE OF ACTION

**(Violation of the "Fraudulent" Prong of the UCL, California Business & Professions Code §17200, *et seq.*)**

48. Plaintiff re-alleges by reference as if fully set forth herein, all of the above paragraphs.

49. The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. & Prof. Code § 17200.

50. A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.

51. Defendants labelling and selling of jewelry overstating the weight of diamonds was "fraudulent" within the meaning of the UCL because they deceived Plaintiff and other members of the Class, and were likely to deceive members of the Class, into believing that jewelry manufactured and sold by Defendants were of greater value than if the true diamond weight had been disclosed.  Plaintiff and other members of the Class were also likely to be deceived that jewelry manufactured and sold by Defendants was a better value than that offered by other manufacturers and retailers.  As a result, purchasers, including Plaintiff, reasonably perceived that they were receiving products which regularly sold in the retail marketplace at substantially higher prices (and were, therefore, worth more) than what they paid. This perception induced reasonable purchasers, including Plaintiff, to buy KC's products from the Store Defendants, which they otherwise would not have purchased.

52. Defendants' acts and practices as described herein have deceived Plaintiff and other members of the Class and were highly likely to deceive members of the consuming public. Specifically, in deciding

to purchase consumer goods from Defendants, Plaintiffs relied upon Defendants misleading and deceptive representations regarding the weight of diamonds in Defendants' jewelry. Each of these factors played a substantial role in Plaintiff's decision to purchase those products, and Plaintiff would not have purchased those items in the absence of Defendants' misrepresentations. Accordingly, Plaintiff and other members of the Class have suffered monetary loss as a direct result of Defendants' practices described above.

53. As a result of the conduct described above, Defendants have been unjustly enriched at the expense of Plaintiff and members of the Class. Specifically, Defendants have been unjustly enriched by obtaining revenues and profits that it would not otherwise have obtained absent its false, misleading and deceptive conduct.

54. Through its unfair acts and practices, Defendants have improperly obtained money from Plaintiff and the Class. As such, Plaintiff requests that this Court cause Defendants to restore this money to Plaintiff and all Class Members, and to enjoin Defendants from continuing to violate the UCL as discussed herein and/or from violating the UCL in the future. Otherwise, Plaintiff, the Class, and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

**THIRD CAUSE OF ACTION**
**(Violation of the "Unlawful" Prong of the UCL, California Business & Professions Code §**
**17200, *et seq.*)**

55. Plaintiffs re-allege by reference as if fully set forth herein, all of the above paragraphs.

56. The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. & Prof. Code § 17200.

57. A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

58. The FTCA prohibits "unfair or deceptive acts or practices in or affecting commerce" (15 U.S.C. § 45(a)(l)). The FTC has established guidelines that describe the accuracy with which diamond weights must be stated under 16 C.F.R. §23.17.  At no time was any indication made on the product label that diamond weights were approximate.

59. Misstating the weight of the diamonds is unfair and deceptive.

60. By overstating the weight of the diamonds on KC's jewelry, KC violated the FTCA.

61. Each Store Defendant knew or should have known that KC was overstating the weight of diamonds in KC's jewelry.  By selling KC's jewelry to consumers knowing that the weights were overstated, the Store Defendants approved of and adopted KC's untrue and misleading statements.  Thus, each Store Defendant acted in concert with KC and all Defendants acted to violate the FTCA, Cal. Bus. & Prof. Code §17200 and §17500, and California Civil Code §1770.

62. California Business & Professions Code§ 17500 prohibits a business from misrepresenting the weight of goods.

63. California Civil Code §1770, subsection (a)(5) prohibits a business from representing that goods have quantities that they do not have.  Representing that jewelry has a total carat weight greater than actually present violates subsection a(5).

64. Defendants' misrepresentation of diamond weights violated and continues to violate the FTCA, 15 U.S.C. § 45(a)(l), and 15 U.S.C. § 52(a), as well as 16 C.F.R. §23.17.  It also violated and continues to violate Cal. Bus. & Prof. Code§ 17501, and Cal. Civ. Code§ 1770 (a)(5) by representing on product labels that the quantity of the good contained is greater than actual.

65. As a result of the conduct described above, Defendants have been unjustly enriched at the expense of Plaintiff and members of the Class. Specifically, Defendants have been unjustly enriched by

obtaining revenues and profits that it would not otherwise have obtained absent its false, misleading and deceptive conduct.

66. Through its unfair acts and practices, Defendants have improperly obtained money from Plaintiff and the Class. As such, Plaintiff requests that this Court cause Defendants to restore this money to Plaintiffs and all Class Members, and to enjoin Defendants from continuing to violate the UCL, and/or from violating the UCL in the future. Otherwise, Plaintiffs, the Class, and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

**FOURTH CAUSE OF ACTION**
**(Violation of the California False Advertising Law, California Business & Professions Code Sections 17500, *et seq.*)**

67. Plaintiffs re-allege by reference as if fully set forth herein, all of the above paragraphs.

68. The California False Advertising Law, California Business & Professions Code §17500, *et seq.*, prohibits unfair, deceptive, untrue, or misleading advertising, including, but not limited to, false statements as quality or quantity.  In relevant part, §17500 states:

> It is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal … to make or disseminate or cause to be made or disseminated before the public in this state, or to make or disseminate or cause to be made or disseminated from this state before the public in any state … or in any other manner or means whatever … any statement, concerning that real or personal property … which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading[.]

69. Defendants' practice of overstating the weight of diamonds on labels attached to specific pieces of jewelry was a statement which was both untrue and misleading.  Defendants were either fully aware

or would have been aware through the exercise of reasonable care the untrue and misleading statement concerning the weight of diamonds on the label for a specific piece of jewelry.

70. Defendant KC disseminated these untrue and misleading statements from California.

71. Each Store Defendant conducted business within the state of California by purchasing goods from KC.

72. Each Store Defendant, with full knowledge of the untrue and misleading nature of the weights on the labels, sold these items to unwitting consumers.

73. Each Store Defendant, including Defendant Modern Jewelry, acted in concert with KC to disseminate untrue and misleading information to consumers

74. Through its unfair acts and practices, Defendants have improperly obtained money from Plaintiff and the Class. As such, Plaintiff requests that this Court cause Defendants to restore this money to Plaintiff and all Class Members, and to enjoin Defendants from continuing to violate the UCL, and/or from violating the UCL in the future. Otherwise, Plaintiff, the Class and, members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

### **FIFTH CAUSE OF ACTION**
**(Violation of the Consumer Legal Remedies Act, California Civil Code § 1750, *et seq.,* Injunctive Relief)**

75. Plaintiff re-alleges by reference as if fully set forth herein, all of the above paragraphs.

76. This cause of action is brought pursuant to the CLRA.

77. Plaintiff and each member of the proposed Class are "consumers" within the meaning of California Civil Code§ 1761(d).

78. Defendants' sale of consumer goods to Plaintiffs and members of the Class were "transactions" within the meaning of California Civil Code§ 1761(e). The products purchased by Plaintiff and members of the proposed Class are "goods" within the meaning of California Civil Code§ 176l(a).

79. As described herein, Defendants violated the CLRA by falsely representing the quantity of diamonds contained within the jewelry by stating that the item contained more diamonds than actual. Defendants inflated the purported weight of diamonds in violation of Cal. Civ. Code § 1770(a)(5).

80. Plaintiff and other members of the Class relied upon Defendants' false representations in deciding to purchase the jewelry from Defendants. Plaintiff would not have purchased such items at the price paid absent Defendants' unlawful conduct. As a result of these acts and practices, Plaintiff and other members of the Class have suffered damage in that Plaintiff and other members of the Class have spent money with Defendants that Plaintiff and other members of the Class would not have otherwise spent absent Defendants' unlawful and misleading acts and practices.

81. Pursuant to §1782(a) of the CLRA, on April 22, 2016, Plaintiffs' counsel, on behalf of Plaintiffs, served Defendant KC by United States certified mail, return receipt requested, with notice of KC's particular violations of the CLRA and requested that Defendant identify victims, notify victims and remedy its illegal conduct within 30 days. Defendant KC did not rectify nor agree to remedy the conduct complained of within 30 days of receipt of the complaint.  As a result, Plaintiff and members of the Class are entitled to actual damages, restitution and punitive damages.  Furthermore, Plaintiff and other members of the Class are entitled to recover attorneys' fees, costs, expenses, and disbursements pursuant to California Civil Code sections 1780 and 1781.

82. Pursuant to §1782(a) of the CLRA, on August 9, 2016, Plaintiffs' counsel, on behalf of Plaintiffs, served Defendant Modern Jewelry by United States certified mail, return receipt requested, with notice of Modern Jewelry's particular violations of the CLRA and requested that Defendant identify

victims, notify victims and remedy its illegal conduct within 30 days. Less than 30 days after Defendant Modern Jewelry received the letter, Defendant Modern Jewelry did assert that it would remedy the complained of conduct, but provided no details.  Thus, it was not clear that Defendant Modern Jewelry's remedies were adequate or appropriate.  As a result, Plaintiff and members of the Class are entitled to actual damages, restitution and punitive damages.  Furthermore, Plaintiff and other members of the Class are entitled to recover attorneys' fees, costs, expenses, and disbursements pursuant to California Civil Code sections 1780 and 1781.

## SIXTH CAUSE OF ACTION
### FRAUD

83. Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

84. Defendants acted together and individually in systematically misrepresenting the weights of diamonds contained within KC's jewelry and sold by the Store Defendants.  Each Defendant acted with full knowledge that the weights of diamonds contained in KC's products was overstated.  By so acting, each Defendant approved of and adopted the misrepresentations in the weights of KC's products.

85. The weight of the diamonds in KC's products is a material fact that would be reasonably relied upon by all purchasers of KC's products.

86. The misrepresentations, nondisclosure, and/or concealment of material facts made by Defendants to Plaintiff and the members of the Class, as set forth above, were known, or through reasonable care should have been known, by Defendants to be false and material and were intended to mislead Plaintiffs and the members of the Class.

87. Plaintiff and the Class were actually misled and deceived and were induced by Defendant to purchase Defendant KC's products from the Store Defendants which they would not otherwise have purchased, or would have paid substantially less for.

88. As a result of the conduct of Defendants, Plaintiffs and the Class members have been damaged in an amount to be determined at trial.

**SEVENTH CAUSE OF ACTION**
**NEGLIGENT MISREPRESENTATION**

89. Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

90. Defendants had a duty to provide honest and accurate information to its customers so that customers could make informed decisions on the substantial purchase of a jewelry.

91. Defendants specifically and expressly misrepresented material facts to Plaintiff and Class members, as discussed above. Each Defendants was aware that the weights of diamonds stated in labels of KC' products was systematically overstated.

92. Defendants knew, or in the exercise of reasonable diligence, should have known, that the ordinary and reasonable consumer would be misled by Defendants misleading and deceptive representations.

93. Each Defendant was aware that the weights stated on KC's product's labels was not accurate.

94. Plaintiff and the Class members justifiably relied on Defendant's misrepresentations and have been damaged thereby in an amount to be determined at trial.

**EIGTH CAUSE OF ACTION**
**UNJUST ENRICHMENT**

95. Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

96. Plaintiff and members of the Class conferred a benefit on Defendants by purchasing Defendant KC's products from the Store Defendants.

97. Defendants had knowledge that this benefit was conferred upon it.

98. Because of its wrongful acts and omissions, Defendants charged a higher price for KC's products than KC's products true value and Defendants obtained money which rightfully belongs to Plaintiff and the members of the Class.

99. Defendants have been unjustly enriched at the expense of Plaintiff and the Class and its retention of this benefit under the circumstances would be inequitable.

100.    Plaintiff seeks an order requiring Defendant to make restitution to them and the other members of the Class.

**NINTH CAUSE OF ACTION**
**BREACH OF EXPRESS WARRANTY**

101.    Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

102.    At all relevant times, Defendants expressly warranted that KC's products contained diamonds of weights as indicated on the product label.

103.    Defendants acted together and individually in systematically misrepresenting the weights of diamonds contained within KC's jewelry and sold by the Store Defendants.  Each Defendant acted with full knowledge that the weights of diamonds contained in KC's products was overstated.  By so acting, each Defendant approved of and adopted the misrepresentations in the weights of KC's products.

104.    Defendants knew and expected or should have known and expect, and intended Plaintiff and member of the Class to rely on their warranties

105.    The representations contained or constituted affirmations of fact or promises made by Defendants Plaintiff and members of the Class which related to the goods and became part of the basis of the bargain creating an express warranty that the goods shall conform to the affirmations of fact or promises.

106.    In purchasing KC's products, Plaintiff and members of the Class reasonably relied on the skill, judgment, representations, and foregoing express warranties of Defendants.

107.    These warranties and representations were false in that KC's products did not contain the weight of diamonds indicated on the label.

108.    Because KC's products did not conform to Defendants' express representation, Defendants breached the warranties.

109.    As a foreseeable, direct, and proximate result of the breach of express warranties by Defendants, Plaintiff and other members of the Class suffered injuries and damages as alleged herein.

### JURY TRIAL REQUESTED

Plaintiff requests a jury trial on all issues so triable

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the other members of the proposed Class, request that this Court award relief as follows:

A.    An order certifying that this action may be maintained as a class action, that Plaintiff be appointed as Class Representative and Plaintiff's counsel be appointed Class Counsel;

B.    Pursuant to Plaintiff's causes of action, a judgment awarding Plaintiff and all members of the Class restitution and/or other equitable relief, including, but not limited to, restitutionary disgorgement of all profits and unjust enrichment that Defendants obtained

from Plaintiffs and the Class as a result of its unlawful, unfair and fraudulent business practices described herein;

C.  An order enjoining Defendants from continuing to violate the UCL, CLRA, and CFAL, as described herein, and/or an order enjoining Defendant from violating the UCL, CLRA, and CFAL.

D.  A judgment awarding Plaintiff and other members of the Class their costs of suit; including reasonable attorney's fees pursuant to Code of Civil Procedure§ 1021.5 and as otherwise permitted by statute; and pre and post-judgment interest; and

E.  Such other and further relief as the Court deems appropriate.


Date: September 13, 2016                                Respectfully Submitted,

                                                       **The Law Office of Keith Altman**

                                                       By: */s/ Keith L. Altman*
                                                       Keith L. Altman, SBN 257309
                                                       32250 Calle Avella
                                                       Temecula, CA 92592
                                                       516-456-5885
                                                       kaltman@lawampmmt.com

                                                       *Attorneys for Plaintiffs and the Class*

## <u>VERIFICATION</u>

I, the undersigned, certify and declare that I have read the foregoing complaint, and know its contents.

I am the attorney for Plaintiffs to this action. Such parties are absent from the county where I have my office and is unable to verify the document described above. For that reason, I am making this verification for and on behalf of the Plaintiffs. I am informed and believe on that ground allege the matters stated in said document are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 13, 2016, at Southfield, MI.

Respectfully Submitted,

**The Law Office of Keith Altman**

By: */s/ Keith L. Altman*
Keith L. Altman, SBN 257309
32250 Calle Avella
Temecula, CA 92592
516-456-5885
kaltman@lawampmmt.com

*Attorneys for Plaintiffs and the Class*