SIDLEY AUSTIN LLP
Amy Lally (SBN 198555)
alally@sidley.com
Adriane Peralta (SBN 304357)
adriane.peralta@sidley.com
Logan P. Brown (SBN 308081)
lbrown@sidley.com
555 West Fifth Street
Los Angeles, CA 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDNEY GREENBAUM, individually and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KC JEWELRY, INC.,<br><br>Defendant. | Case No. 16-CV-06845-SVW-JPR<br><br>**STIPULATION FOR PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**<br><br>Judge: Hon. Stephen V. Wilson<br>Date: N/A<br>Time: N/A<br>Location: N/A |

Plaintiff Sidney Greenbaum and Defendant KC Jewelry, by and through their respective counsel of record, hereby enter into this Stipulated Protective Order Regarding Confidential Information ("Stipulated Protective Order") with reference to the following:

**1. <u>INTRODUCTION</u>**

    A.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

    B.    GOOD CAUSE STATEMENT

This action is likely to involve trade secrets; non-public business or financial information and/or confidential competitive information that, if disclosed, could result in competitive harm to the disclosing party, including but not limited to marketing and pricing strategy, confidential agreements with third parties, client and customer information, and other valuable research, development, commercial, financial, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than litigation of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices and analysis, or other confidential commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules,

case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2. DEFINITIONS**

2.1 Action: means this proceeding, 16-CV-06845-SVW-JPR.

2.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 Counsel: Outside Counsel of Record in the Action (as well as their support staff).

2.5 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness in this Action.

2.8 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party (and includes support staff).

2.10    Party: any party to this Action, including all entities acting on their behalf, and each of their officers, directors, employees, retained experts, and Outside Counsel of Record.

2.11    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.12    Professional Vendors: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  Highly Confidential Information is Confidential Information that creates a substantial risk of serious financial or competitive harm, or other injury, if disclosed to another party or non-party, and that such risk cannot be avoided by less restrictive means.  Highly Confidential Information shall be treated identically to Confidential Information under the terms of this Order, with the exceptions that Highly Confidential Information shall be designated "HIGHLY CONFIDENTIAL" and Highly Confidential Information may not be reviewed by the officers, directors, and employees of the Receiving Party, or Plaintiffs or any putative class member.

2.14    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.     SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## 4. DURATION

The confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

In the event that this case proceeds to trial, the Parties shall use their best efforts to maintain the confidentiality of all CONFIDENTIAL Information or Items.

The parties understand that information that was designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or maintained as CONFIDENTIAL pursuant to this Stipulated Protective Order may become public if it is submitted as an exhibit or otherwise introduced at trial because applicable law may require it to be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). However, to the extent information that was designated as confidential was not disclosed at trial, or in the event that this matter is resolved before trial, then any information designated CONFIDENTIAL shall remain protected as set forth herein.

## 5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, *infra* second paragraph of Section 5.2(a)), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party may identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony. Alternatively, within thirty (30) days after receipt of a transcript, the parties may also designate such transcript or any portion thereof by notifying all parties, in writing, of the specific pages and

lines of the transcript which should be treated as Confidential Information. All deposition transcripts shall be treated as "CONFIDENTIAL" until thirty (30) days after receipt thereof by counsel for the parties and counsel for the witness. The reporter for any deposition shall mark with the legend "CONFIDENTIAL" pages that contain testimony designated as Confidential Information during the deposition.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(d) for information that has been produced in this litigation prior to the entry of this order, the prior inclusion of a "CONFIDENTIAL" designation on such documents shall serve to make such documents Protected Material, provided that any Designating Party that produced material prior to the entry of this order shall have thirty days from the entry of this order to make further designations and may do so by letter identifying the bates numbers of any documents and without making a second production of documents with the "CONFIDENTIAL" designation applied.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1.

6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or

impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 <u>Basic Principles.</u> A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), which Acknowledgement shall be disclosed to the opposing Party when that expert is designated to testify in the Action; and that such expert(s) shall retain such Confidential Information only so long as is necessary for the performance of such assistance and may use such information only for providing assistance to counsel in the Action;

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action;

(g) the author or recipient of a document containing the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is not otherwise permitted in this Section and to whom disclosure is reasonably necessary, provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(j) Such other person as hereafter may be designated by written agreement of all Parties to the Action or by order of the Court, such order obtained on noticed motion (or on shortened time as the Court may allow), permitting such disclosure.

Any information or item designated "HIGHLY CONFIDENTIAL" shall be treated identically to information or items designated "CONFIDENTIAL" under the terms of this Order, with the exceptions that Highly Confidential Information may not be reviewed by the officers, directors, and employees of the Receiving Party, or Plaintiff or any putative class member.

**8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected, provided however, that the party in possession of the Confidential Information shall not be obligated to affirmatively prevent the disclosure of the Confidential Information, except as explicitly required in this Section 8. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 10. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

Pursuant to Fed. R. Evid. 502(d), disclosure of privileged or otherwise protected information is not waived for purposes of other actions or proceedings by inadvertent disclosure in this action. In the event any document is produced that the Producing Party later claims is protected by the attorney-client privilege, work product doctrine or other privilege or immunity, the production shall not be deemed a waiver or impairment of any claim of privilege or protection or the subject matter thereof, provided that the Producing Party shall immediately notify the Receiving Party in writing

when the inadvertent production is discovered.  Within five (5) business days of receiving written notice from the Producing Party that privileged or protected information has been inadvertently produced, the Receiving Party shall (a) return all such information, and all copies thereof, to the Producing Party, reviewing such information (if at all) no more than is permitted by the applicable ethical rules; (b) take all reasonable steps to retrieve the information if the Receiving Party disclosed it before being notified; and (c) certify that any materials prepared by the Receiving Party incorporating such information, such as notes, memoranda, etc., have been destroyed.  If the Receiving Party wishes to challenge the claimed privilege, work-product protection or immunity, the Receiving Party must still comply with (a) and (b) in the preceding paragraph, except that the Receiving Party may retain any notes referencing the Confidential Information insofar as such retention is permitted by the applicable ethical rules and the notes are necessary to comply with Local Rule 37.

In the event the Receiving Party wishes to challenge the claimed privilege, work-product protection or immunity, the parties shall comply with Local Rule 37 in resolving their dispute.  The parties agree any permissible retention of notes referencing the Confidential Information for the sole purpose of complying with Local Rule 37 shall not be grounds for arguing that the document is not privileged, work product-protected or otherwise immune, or that any privilege, protection or immunity was waived thereby.  During the pendency of the Local Rule 37 process, the Receiving Party shall make no other use or disclosure of the subject material or the information contained therein.  If the motion is unsuccessful, the Receiving Party shall comply with (c) in the preceding paragraph.

**12. MISCELLANEOUS**

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no

Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5 and any other applicable rules. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## 13. **FINAL DISPOSITION**

After the final disposition of this Action, as defined in Section 4, each Receiving Party, including any person that received Protected Material pursuant to Section 7.2(c), must return all Protected Material to the Producing Party within 60 days. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. The Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

## 14. **VIOLATION OF ORDER**

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

12
[PROPOSED] STIPULATION FOR PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION
16-CV-06845-SVW-JPR

| | | |
|---|---|---|
| 1 | Dated: May 1, 2017 | Respectfully submitted, |
| 2 | | THE LAW OFFICE OF KEITH ALTMAN |
| 3 | | |
| 4 | | By: */s/ Keith Altman* |
| 5 | | Keith Altman<br>*Attorneys for Plaintiff Sidney Greenbaum* |

Dated: May 1, 2017                    SIDLEY AUSTIN LLP

By: */s/ Amy P. Lally*
Amy P. Lally
*Attorneys for Defendant KC Jewelry*

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: May 9, 2017

Hon. Jean P. Rosenbluth
United States Magistrate Judge

### FILER'S ATTESTATION

Pursuant to Local Rule 5-4.3.4(2)(i), I, Amy P. Lally, attest that Keith Altman provided his authority and concurrence to file the instant document and place his electronic signature on the documents as set forth above.

By: */s/ Amy P. Lally*
Amy P. Lally

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [name], of _____ [address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Greenbaum v. KC Jewelry*, Case No. 16-CV-06845-SVW-JPR. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [full name] of _____ [full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____
City and State where sworn and signed: _____
Printed name: _____
Signature: _____